UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KINGSWOOD CAPITAL PARTNERS, LLC,
and BENCHMARK INVESTMENTS, LLC,

                            Plaintiffs,                      22-cv-5078 (PKC)

        -against-                               <u>ORDER</u>

MIAMI LIFE, INC., and MICHAEL SNYDER

                           Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case.  It falls upon the Court to raise issues of subject matter jurisdiction <u>sua</u> <u>sponte</u>.

        First, the Complaint fails to specify the basis for the Court's subject matter jurisdiction. (<u>See</u> <u>generally</u> Doc 1.)

        Second, assuming that Plaintiffs are invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332, where a complaint premised upon diversity of citizenship names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.  <u>See</u> <u>Handelsman v. Bedford Vill. Assocs. Ltd. P'ship</u>, 213 F.3d 48, 51–52 (2d Cir. 2000); <u>Strother v. Harte</u>, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.  Here, the Complaint fails to allege the citizenship of the constituent

members of plaintiffs Kingswood Capital Partners, LLC and Benchmark Investments, LLC.  (Doc 1 ¶¶ 9-10.)

Third, a corporation has only one principal place of business.  Hertz Corp. v. Friend, 559 U.S. 77, 92 (2010) ("The statute's text deems a corporation a citizen of the 'State where it has its principal place of business.' 28 U.S.C. § 1332(c)(1). The word 'place' is in the singular, not the plural.")  Here, the Complaint alleges that Miami Life, Inc. is a "Pennsylvania corporation with principal places of business in Miami, Florida and Pittsburgh, Pennsylvania."  (Doc 1 ¶ 11.)

Fourth, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."  Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). Here, the Complaint alleges that defendant Michael Snyder "is a resident of Pennsylvania[,]" but fails to allege Snyder's domicile.  (Doc 1 ¶ 12.)

Within 14 days of this Order, Plaintiffs shall amend the Complaint to (1) allege the basis for subject matter jurisdiction, (2) allege, for the members of the two plaintiff LLCs, the citizenship (i.e., state (if a US citizen) or country (if not a US citizen)) for all natural person members and the jurisdiction of incorporation and principal place of business for all members that are corporations, (3) allege a single principal place of business for defendant Miami Life, Inc., and (4) allege the domicile of Snyder.  Failure to adequately amend the Complaint will result in dismissal for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        June 27, 2022

2